# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

CRESTBROOK INSURANCE COMPANY
a/s/o MATT AND CHRISTINE RAMSEY,

    Plaintiffs,

v.

GREPOW, INC.,

    Defendant.

Civil Action No.: 20-CV-04759
Judge: Robert W. Gettleman
Magistrate Judge:

## DEFENDANT GREPOW, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**NOW COMES** the above-named Defendant, Grepow, Inc., ("Grepow") by its attorneys, McCoy Leavitt Laskey LLC, and as and for its Answer and Affirmative Defenses to the Plaintiffs' Complaint, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. Answering paragraph 1, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

2. Answering paragraph 2, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

3. Answering paragraph 3, Grepow admits only that Grepow, Inc. is a Corporation with its United States headquarters as alleged in California. Answering further, Grepow, Inc. lacks knowledge or information sufficient to form a belief as to the truth of whether it was licensed to do

business in Cook County, Illinois or whether it did business in Cook County, Illinois or the State of Illinois generally.

4. Answering paragraph 4, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

**GENERAL ALLEGATIONS**

5. Answering paragraph 5, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

6. Answering paragraph 6, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

7. Answering paragraph 7, Grepow admits only that it manufactures, markets and sells lithium-ion polymer batteries. As to the remaining allegations contained in paragraph 7, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same and puts the Plaintiffs to their strict proof.

8. Answering paragraph 8, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

9. Answering paragraph 9, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

10. Answering paragraph 10, Grepow admits only that a fire occurred at or near the alleged residence on or about November 13, 2018. Answering further, Grepow denies the remaining allegations contained in paragraph 10. Specifically, Grepow denies that any battery manufactured,

marketed, or sold by Grepow, Inc. was defective or malfunctioned or caused the subject fire in any other manner.

11. Answering paragraph 11, Grepow denies the allegations contained therein.

12. Answering paragraph 12, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

13. Answering paragraph 13, Grepow denies that the subject fire was caused by a defect or malfunction of the any battery manufactured, marketed or sold by Grepow, Inc. knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

## **COUNT I – NEGLIGENCE**
## **GREPOW, INC.**

14.-28. Answering paragraphs 14-28, Grepow realleges and incorporates by reference herein its answers to paragraphs 1 through 13 of the Complaint, as though fully set forth herein at length.

29. Paragraph 29 asserts a legal conclusion to which no response is necessary. Should an answer be required, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof. Answering further, Grepow denies that it breached any duty in any manner or respect whatsoever and denies that any of its products were defective, malfunctioned, or caused damage to the subject property.

30. Answering paragraph 30, including subparts (a)-(c), Grepow denies each and every allegation contained therein.

31. [Paragraph 31 missing from Complaint]

32. Answering paragraph 32, Grepow denies the allegations contained therein.

33. Answering paragraph 33, Grepow denies the allegations contained therein. Answering further, Grepow denies that Plaintiffs are entitled to judgment against it in the manner alleged, or in any other manner or respect whatsoever.

## COUNT II – STRICT LIABILITY
## GREPOW, INC.

34. Answering paragraph 34, Grepow realleges and incorporates by reference herein its answers to paragraphs 1 through 13; 14 through 28; and 29 through 33 of the Complaint, as though fully set forth herein at length.

35. Answering paragraph 35, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof.

36. Paragraph 36 asserts a legal conclusion to which no response is necessary. Should an answer be required, Grepow lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same and puts the Plaintiffs to their strict proof. Answering further, Grepow denies that it breached any duty in any manner or respect whatsoever and denies that any of its products were defective, malfunctioned, or caused damage to the subject property.

37. Answering paragraph 37, including subparts (a)-(c), Grepow denies each and every allegation contained therein.

38. Answering paragraph 38, Grepow denies the allegations contained therein.

39. Answering paragraph 39, Grepow denies the allegations contained therein. Answering further, Grepow denies that Plaintiffs are entitled to judgment against it in the manner alleged, or in any other manner or respect whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses, Defendant, Grepow, Inc. alleges and shows to the Court as follows:

1. The Complaint fails to state sufficient facts to constitute a cause of action against this answering Defendant. Specifically, the Complaint fails to state a claim upon which relief may be granted against this Defendant by failing to allege any specific defect in the subject product, any specific representation, implied or express, relied on by Plaintiff or its insureds, or that the Defendants "knew or should have known of the risk posed by the product." *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263 (Ill. 2007).

2. The subject product complied with all applicable national, state and local codes and standards at the time it was manufactured, and the alleged injuries or damages, if any, were a result of a failure to follow said codes and standards during the use and/or maintenance of said product.

3. The subject product constitutes a "product" as defined by 735 ILCS 5/13-213(a)(2); this Defendant is a "seller" of the subject product as defined by 735 ILCS 5/13-213(a)(4); upon information and belief, the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller of the subject product was around or before July 27, 2010 (10 years prior to Plaintiff commencing its product liability action against this Defendant) or, alternatively, the date of first sale, lease or delivery of possession by this Defendant was around or before July 27, 2008 (12 years prior to Plaintiff commencing its product liability action against this Defendant). Therefore, Plaintiff's claims, in whole or in part, against this Defendant are barred by Illinois' product liability statute of repose, 735 ILCS 5/13-213(b).

4. The person and/or entity purchasing and using the subject product was a sophisticated purchaser and user, and was knowledgeable, if not more knowledgeable, about the product's hazards at issue in this case as the manufacturer was.

5. The person and/or entity purchasing and using the subject product was a Learned Intermediary.

6. Any products or components supplied by this Defendant were subject to conditions outside of the manufacturer's recommendations and certification, for which the Defendants is not liable.

7. Plaintiffs' strict product liability claims are barred, in whole in in part, by the *Restatement (Second) of Torts*, Section 402A, Comment g, limiting strict product liability to eliminate those situations when a product's condition is safe at the time of delivery, but "subsequent mishandling or other causes" make it harmful by the time it is consumed, placing the burden of proof on Plaintiffs to prove that the product or component was in a defective condition at the time it left the seller's hands.

8. Plaintiffs' strict product liability claims are barred in whole or in part by the *Restatement (Second) of Torts*, Section 402A, Comment h, limiting strict product liability by eliminating those situations where "abnormal handling" or "abnormal preparation for use" occur to eliminate the seller's liability, unless the seller had reason to anticipate the abnormal handling or preparation.

9. Plaintiffs' claims of strict product liability are barred in whole or in part by the *Restatement (Second) of Torts*, Section 402A, Comment i, limiting strict product liability to those products or components that meet the definition of "unreasonably dangerous."

10. Any and all events, injuries, loss, damage and expenditures referred to in the Complaint were directly and proximately caused and contributed to by the actions, carelessness and negligence of Matt and Christine Ramsey, and the extent of damages sustained by Plaintiffs,

if any, should therefore be reduced in proportion to the negligence of Matt and Christine Ramsey in causing said injuries and/or damages.

11. To the extent that the Defendant had a duty to warn, Plaintiffs' claims are barred, in whole or in part, because the defendants provided adequate "directions or warnings" as to the use of the subject product or components within the meaning of the *Restatement of Torts*, Section 402A, Comment j.

12. Any and all events, injuries, loss, damage and expenditures referred to in the complaint were directly and proximately caused and contributed to by the actions, carelessness and negligence of third persons, including but not limited to, Matt and Christine Ramsey, for whom this answering Defendant is not legally responsible. Therefore, the extent of damages sustained by Plaintiffs, if any, must be reduced in proportion to the fault of third persons for whom this answering Defendant is not legally responsible.

13. Plaintiffs failed to mitigate the injuries and/or damages alleged in the Complaint and, therefore, the relief sought by Plaintiffs is barred or should be reduced in proportion to Plaintiffs' failure to mitigate.

14. Plaintiff's injuries did not result from a use of the product that was reasonably foreseeable by this answering Defendant.

15. Matt and Christine Ramsey were not using the product in a reasonable manner appropriate to the purpose for which it was intended.

16. There was no defect in the product at the time it left the possession of this answering Defendant.

17. The damages, if any, suffered by Plaintiffs may have been proximately caused by conduct or action of persons other than this answering Defendant and either prior to or

subsequent to any conduct engaged in by this answering Defendant, thereby alleviating any legal liability of this answering Defendant for any of the damages sought by Plaintiffs proximately caused by said others.

18. Any product supplied by this answering Defendant was, after delivery, substantially modified, altered or changed so as to materially affect its characteristics such that this answering Defendant are not responsible for the alleged defective nature of the product which allegedly caused injury or damages to Plaintiff.

19. The evidence in this matter has been spoiled, damaged, not preserved and/or disturbed while in the custody, control or possession of Plaintiffs and/or other third parties and no longer accurately represents the evidence as it was at the time the incident took place.

20. If Plaintiffs can prove that the product was defective and dangerous as alleged, then Matt and Christine Ramsey unreasonably proceeded to use a product which they knew to be defective and dangerous, and that conduct was a cause of the alleged injuries and/or damages, and Plaintiffs are, therefore, barred from recovery.

21. Pursuant to Ill. Rev. Stat., Ch. 110, § 2-1116, Plaintiffs are barred from recovery in the event that Matt and Christine Ramsey's share of liability exceeds fifty percent.

22. Any recovery by Plaintiffs should be reduced by reason of any collateral sources paid to the Plaintiffs.

23. Pursuant to Ill. Rev. Stat, Ch. 110, § 2-1117, if Defendant is found liable for damages allegedly sustained by the Plaintiffs, and any fault on behalf of this Defendant constitute less than twenty-five percent of the total fault attributable to Matt and Christine Ramsey, the Defendant sued by Plaintiffs, and any third-party defendant who could have been sued by the Plaintiff, this Defendant shall only be severally liable for the damages.

24. Plaintiffs' alleged damages were caused by intervening and/or superseding causes.

25. This Defendant expressly reserves the right to assert or modify any defenses, affirmative defenses or otherwise, as might be established during discovery and by evidence in this matter.

**WHEREFORE**, Defendant Grepow, Inc. demands judgment as follows:

    a.    Dismissing the Plaintiffs' Complaint on the merits and with prejudice;

    b.    Awarding statutory costs, attorney's fees and reimbursements for this Defendant's disbursements; and

    c.    Granting such further relief as the Court may deem just and equitable.

**A TRIAL BY A JURY OF TWELVE IS HEREBY DEMANDED.**

Dated this 19th day of August 2020

**McCOY LEAVITT LASKEY LLC**
Attorneys for Defendant, Grepow, Inc.

By: */s/Eugene M. LaFlamme*
Eugene M. LaFlamme    ARDC 6304557
Riverwood Corporate Center III
N19 W24200 Riverwood Drive, #125
Waukesha, WI 53188
Telephone (262) 522-7000
Fax (262) 522-7020
elaflamme@MLLlaw.com